UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANDRE PERSON, | ) | CASE NO. 1:08 CV0814 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| STATE OF OHIO, | ) | |
| | ) | |
| Respondent. | ) | |

<u>Pro se</u> petitioner Andre Person filed the above-captioned habeas corpus action on March 31, 2008 under 28 U.S.C. § 2241. Mr. Person, who was incarcerated at the Ross Correctional Institution in Chillicothe, Ohio ("R.C.I.") at the time he filed this petition,[1] names the State of Ohio and United States Government (BOP) as respondents. He seeks an order from this court compelling the respondents to award "federal relief on application of detention credited time which should have run from July 25, 2007 to all up coming dates." (Pet. at 8.)

*Background*

In 2007, Mr. Person was indicted and charged in this court with conspiracy to commit access device fraud in violation of 18 U.S.C. §371, access device fraud in violation of

---

[1] Petitioner advised the court that, effective May 5, 2008, he would be housed at Lebanon Correctional Institution in Lebanon, Ohio.

18 U.S.C. §§1029(a)(2) & 2 and aggravated identity theft in violation of 18 U.S.C. §§1028A(a)(1) & 2. See United States v. Person, No. 07-cr-0022 (N.D. Ohio Jan. 7, 2007)(O'Malley, J.) The Assistant United States Attorney filed an application requesting Judge O'Malley issue a writ of habeas corpus ad prosequendum bringing petitioner, who was incarcerated at the Southern Ohio Correctional Institution in Lucasville, Ohio at the time, before the court to face the charges set forth in the indictment. The application was granted and petitioner was arraigned before the court on January 30, 2007, where he pleaded not guilty to the seven charges filed against him. Petitioner was remanded to the custody of the United States Marshal.

Mr. Person changed his plea to guilty in a hearing before the court on June 12, 2007. He was sentenced on July 25, 2007 to 30 months in prison for Counts 1-6, as well as a consecutive sentence of 24 months for Count 7. Judge O'Malley recommended petitioner receive credit for time served, "if determined applicable by the BOP." (Min. Sent. Proc. of 7/25/07, at 2.)

On November 9, 2007, Mr. Person filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Person v. United States, No. 07-cv-3516 (N.D. Ohio Nov. 9, 2007)(O'Malley, J.) In the motion, he asks the court to credit his sentence for "the 20 months served via variance or downward departure." Id. (Mot. Vac. at 14.) The matter is still pending before Judge O'Malley.

In his petition before this court, Mr. Person believes he is entitled to "credit" on his federal sentence from the date the sentence was imposed to the present. He does not cite the legal authority or premise he believes entitles him to this credit.

## 28 U.S.C. § 2241

Courts have uniformly held that claims asserted by federal prisoners seeking to

2

vacate or modify their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977). It appears Mr. Person is attempting to shorten his prison sentence by seeking both to modify the original sentence as well as credit him for time served.

## Sentencing Credit

In this instance, petitioner's request is premature. If he entitled to any credit on his federal sentence, it is a matter over which the Bureau of Prisons (BOP) has authority, not the district court. After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under 18 U.S.C. § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. United States v. Wilson, 503 U.S. 329, 335 (1992); United States v. Crozier, 259 F.3d 503, 520 (6th Cir. 2001)("Power to grant credit for time served lies solely with Attorney General and Bureau of

Prisons.")

Federal regulations have afforded prisoners administrative review of the computation of their credits, see 28 CFR §§ 542.10-542.16; United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir.1990), and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies, see United States v. Bayless, 940 F.2d 300, 304- 305 (8th Cir. 1991); United States v. Flanagan, 868 F.2d 336 1544, 1546 (11th Cir. 1989). Inasmuch as petitioner has failed to exhaust his administrative remedies, this matter is not ripe for review by this court.

## Conclusion

Accordingly, this petition is dismissed without prejudice for failing to exhaust administrative remedies. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*Donald C. Nugent 7/15/08*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.